UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY GEROME YOUNG, | No. 2:19-cv-1282 DB P |
| Plaintiff, | |
| N. IKEGBU, et al.. | ORDER |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff has stated cognizable claims against defendant Ikegbu, but not against defendant Bick. Plaintiff will be given an opportunity to either amend his complaint or proceed on the cognizable claims in his current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.    Analysis**

**A. Allegations of the Complaint**

Plaintiff complains of conduct that occurred at the California Medical Facility ("CMF") in 2018 and 2019. Plaintiff identifies two defendants: Dr. N. Ikegbu and CEO J. Bick. Plaintiff states that he has a long-standing history of "Ankylosing spondylitis" ("AS"), which he describes as inflammation of the spine and large joints, resulting in stiffness and pain. Plaintiff states that nonsteroidal anti-inflammatory drugs ("NSAIDs") are usually used to treat his condition. However, he has had a bad reaction to those drugs and they are a documented allergen in his medical records.

Plaintiff's primary physician at CMF, Dr. Ota, ordered Morphine SR for plaintiff's pain. She made that determination in part from her treatment of plaintiff, and from the observations of other medical staff, x-rays, lab work, and rheumatology consulting reports. Dr. Ota submitted the required documents to CMF's Pain Committee. Defendants are "agents" of the committee. The purpose of the Pain Committee is reviewing opioid use by inmates.

////

Plaintiff alleges defendant Ikegbu, in his role on the Pain Committee, denied plaintiff Morphine SR during two time periods in 2018 and early 2019, for a total of 137 days. According to plaintiff, Ikegbu did so without medical justification. Ikegbu did not examine plaintiff and did not review plaintiff's medical records. As a result, plaintiff suffered severe pain and an inability to function during those 137 days. He also became depressed, causing him to seek mental health treatment.

Plaintiff alleges defendant Bick "is directly responsible for the actions" of Ikegbu and that plaintiff placed Bick on notice "before the violations took place" that Ikegbu and his staff were engaged in the arbitrary denial of morphine for pain.

In his second claim, plaintiff alleges that in June 2019, he was finally seen by a podiatrist for pain in his right foot, after Dr. Ota had tried for almost a year to have plaintiff referred to the podiatrist. The podiatrist x-rayed plaintiff's foot and diagnosed plaintiff with an "avulsion fracture." Plaintiff was instructed to wear special orthotics. Plaintiff contends defendant Ikegbu was responsible for the delay in plaintiff's treatment by a podiatrist, and eventual diagnosis. As a result, plaintiff suffered unnecessary pain in his foot for almost a year.

### B. Does Plaintiff State Cognizable Claims for Deliberate Indifference?

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny,

delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

The court finds plaintiff has stated claims for deliberate indifference against defendant Ikegbu. Plaintiff shows that he has a chronic medical condition that causes pain and that his primary care doctor recommended he receive opioids for that pain because plaintiff is allergic to NSAIDs. Despite that, Ikegbu denied plaintiff morphine for a total of 137 days without justification. Plaintiff further shows that he had foot pain that his primary care doctor and others recognized should be considered by a podiatrist. However, Ikegbu refused to allow plaintiff to see a podiatrist for almost a year. During that time, plaintiff suffered unnecessary foot pain. Both of these allegations are sufficient to state claims under the Eighth Amendment.

Plaintiff does not, however, state a claim against defendant Bick. The simple fact that Bick had supervisory responsibility over Ikegbu is not enough to establish liability. A prison official in a supervisory position is only liable under § 1983 if he was "personally involved in the constitutional deprivation or [if] a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013). Further, plaintiff's allegation that Bick knew Ikegbu was arbitrarily denying opioids to other inmates does not mean Bick was aware of the denial of opioids to plaintiff. To establish Bick had liability under the Eighth Amendment, plaintiff must show Bick was aware of Ikegbu's alleged mistreatment of plaintiff's pain and Bick had the authority to have plaintiff properly treated.

Further, plaintiff does not sufficiently allege Bick instituted a policy that caused plaintiff harm or that Bick failed to supervise or train Ikegbu. To allege Bick instituted a prison policy that harmed him, plaintiff must: (1) identify that policy with specificity, (2) show that Bick was directly responsible for it, (3) show that Bick knew the policy could cause plaintiff, himself, harm, and (4) show how the policy caused him harm. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). To allege Bick failed to train or supervise Ikegbu, plaintiff must show: (1) that Bick was responsible for that supervision or training, (2) just what Bick did or did not do, (3) that

5

Bick knew his actions could cause plaintiff harm, and (4) that Bick's actions did cause plaintiff harm. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts "suggest [Sheriff] provided any training to Officers...., or that he was responsible for providing formal training to any officers.").

### III.     Conclusion

This court finds plaintiff has stated cognizable claims against defendant Ikegbu for deliberate indifference to plaintiff's pain from AS and from a fractured foot. This court further finds plaintiff has failed to state a cognizable claim against defendant Bick. Plaintiff will be given two options. He may choose to proceed on his current claims against defendant Ikegbu or he may choose to amend his complaint.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's claim against defendant Bick is dismissed with leave to amend.
4. Plaintiff may choose to proceed on his cognizable claims set out above against defendant Ikegbu or he may choose to amend his complaint.

////

    a. If plaintiff chooses to proceed on his current Eighth Amendment deliberate indifference claim against defendant Ikegbu, he shall so notify the court within thirty days. The court will then order service of the complaint on defendant Ikegbu and will recommend dismissal of plaintiff's remaining claim against defendant Bick.

    b. If plaintiff chooses to amend his complaint, within thirty days from the date of service of this order, he may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment claims identified above against defendant Ikegbu. The court will then recommend dismissal of plaintiff's remaining claim.

5. The Clerk of the Court is directed to send plaintiff a copy of the form for a Civil Rights Complaint by a Prisoner.

Dated: July 29, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/youn1282.scrn lta

8